# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -REOPENING/CLOSING

Case No.  2:22-cv-08671-FLA
Bankr. Case No. 2:20-bk-10654-VZ
Adv. Pro. Case No. 2:21-ap-01187-VZ

Date  May 22, 2024

Title:  In re Debtor Cachet Financial Services

Present: The Honorable  FERNANDO L. AENLLE-ROCHA

Twyla Freeman
Deputy Clerk

N/A
Court Reporter / Recorder

Attorneys Present for Plaintiffs:
N/A

Attorneys Present for Defendants:
N/A

Proceedings:   ☐ In Court   ☒ In Chambers   ☐ Counsel Notified

☐ Case previously closed in error.  Make JS-5.

☒ Case should have been closed on entry dated  April 15, 2024 .

☐ Case settled but may be reopened if settlement is not consummated within _____ days. Make JS-6.

☒ Other  The case should should be closed at CM/ECF Docket No. 22.  Please JS-6.

☐ Entered _____ .

Initials of Preparer   tf

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CACHET FINANCIAL SERVICES, A CALIFORNIA CORPORATION,<br><br>Debtor/Plaintiff,<br><br>v.<br><br>THE BANCORP BANK, A DELAWARE-CHARTERED BANKING INSTITUTION,<br><br>Defendant. | Case No. 2:22-cv-08671-FLA<br>Bankr. Case No. 2:20-bk-10654-VZ<br>Adv. Pro. Case No. 2:21-ap-01187-VZ<br><br>**ORDER DENYING DEFENDANTS' MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING TO BANKRUPTCY COURT [DKT. 1]** |

## **RULING**

Before the court is Defendants DD Care Management LLC (a New York limited liability company, "DD Care NY"), DD Care Management LLC (a Florida limited liability company, "DD Care Florida"), H3 Energy LLC, H3 Advisory LLC, RKMA LLC, H3 Health Group LLC, H3 Food Group LLC, Access Management LLC, KG Kosher LLC, Dialyze Manager LLC, H3 Capital LLC, ACG Equities LLC, Henry Kauftheil ("Kauftheil"), and Joshua Rothenberg's ("Rothenberg") (collectively, the "DD Care Defendants") Motion to Withdraw Reference of Adversary Proceeding to Bankruptcy Court ("Motion"). Dkt. 1 ("Mot."); Dkt. 1-1 ("Mot. Br."). On

1

December 29, 2022, Defendants Dime Community Bank ("Dime Bank"), John Romano ("Romano"), and Yuriy Rubinov ("Rubinov") (collectively, the "Dime Bank Defendants") filed a Joinder to the Motion. Dkt. 13 ("Joinder"). Debtor and Plaintiff Cachet Financial Services ("Cachet" or "Plaintiff") opposes the Motion. Dkt. 14 ("Opp'n"). On February 6, 2023, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for February 10, 2023. Dkt. 16; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court DENIES the Motion in its entirety.[1]

## BACKGROUND

I.   **Factual Background**[2]

Cachet was a national financial services company that processed Automated Clearing House ("ACH") transactions and provided related services for payroll processing companies (commonly known as "Remarketers"). AP FAC ¶¶ 5, 40. Defendant The Bancorp Bank ("Bancorp") is a Delaware chartered commercial bank and an Originating Depository Financial Institution ("ODFI") that is permitted to conduct ACH transactions pursuant to the National Automated Clearing House Association ("NACHA"). *Id*. ¶ 6. On or around August 4, 2010, Cachet and Bancorp entered into a Payroll Processing ODFI Agreement (the "ODFI Agreement"), whereby Bancorp agreed to act as Cachet's ODFI and facilitate Cachet's ACH transactions for Cachet's Remarketer clients. *Id*. ¶ 45.

---

[1] For purposes of this Motion, the court cites filings in: (1) *In re Debtor Cachet Financial Services*, Case No. 2:20-bk-10654-VZ (Bankr. C.D. Cal.) (the "Bankruptcy Action") as "BA Dkt. #"; (2) *Cachet Financial Services v. The Bancorp Bank, et al.*, Case No. 2:21-ap-01187-VZ (Bankr. C.D. Cal.) (the "Adversary Proceeding") as "AP Dkt. #"; and (3) *The Bancorp Bank v. Advanced Payroll Solutions, Inc., et al.*, Case No. 1:19-cv-02088-MN (D. Del.) (the "Interpleader Action") as "IA Dkt. #."

[2] On May 31, 2022, Cachet filed a First Amended Complaint in the Adversary Proceeding ("AP FAC"). AP Dkt. 11 ("AP FAC"). These factual allegations are stated herein to provide background regarding the parties' dispute only and do not represent findings of fact by this court.

Cachet contends that, beginning in the summer and fall of 2019, several of its clients engaged in fraudulent conduct that led ultimately to the parties' dispute. *See id.* ¶¶ 53–57, 67–102. According to Cachet, around August and September of 2019, Cachet's client, MyPayroll HR, and its principal, Michael Mann ("Mann"), manipulated and/or altered Cachet's batch file specifications—"the instructions that dictate the direction, timing and flow of funds"—to steal more than $26 million from Cachet's accounts. *Id.* ¶¶ 53–56; BA Dkt. 511 (Am. Disclosure State.) at 5–6.

On October 18, 2019, Bancorp informed Cachet it had been contacted by Dime Bank about possible suspicious activity involving the DD Care Defendants. AP FAC ¶ 96. Cachet alleges Rothenberg and/or Kauftheil caused batch files to be uploaded to Cachet's servers that caused the disbursement of approximately $21.5 million from Cachet's settlement account to accounts controlled by DD Care NY and DD Care Florida (collectively, "DD Care"), without a corresponding credit to Cachet's accounts, resulting in a multi-million-dollar theft (the "DD Care Incident"). *Id.* ¶¶ 89–94; BA Dkt. 511 at 7. According to Cachet, this was the result of an ongoing fraudulent scheme perpetrated by Rothenberg and Kauftheil, assisted by Defendant Dime Bank. AP FAC ¶¶ 62–103.

On October 23, 2019, Bancorp terminated the ODFI Agreement unilaterally and froze the funds in Cachet's accounts with Bancorp (the "Stake"). *Id.* ¶ 107. On November 4, 2019, Bancorp filed the Interpleader Action in the United States District Court for the District of Delaware (the "Delaware District Court"), requesting leave to deposit the Stake with the court, an order discharging it from liability related to the Stake, and the distribution of the funds to claimants through interpleader proceedings. IA Dkt. 1. According to Cachet, it was unable to process ACH transactions for its clients, forced to cease operations as an ACH processor, and became subject to numerous lawsuits from Remarketers, employers, and employees as a result of Bancorp's actions. AP FAC ¶ 120; BA Dkt. 511 at 4.

///

3

II.     **Procedural Background**

On January 21, 2020, Cachet filed a voluntary petition for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").  BA Dkt. 1; AP FAC ¶ 121.  On January 24, 2020, the Delaware District Court stayed the Interpleader Action pending direction from the Bankruptcy Court.  IA Dkt. 247.

On September 14, 2021, Cachet commenced an adversary proceeding against Bancorp in the Bankruptcy Court.  AP Dkt. 1.  On May 31, 2022, Cachet filed the operative FAC in the Adversary Proceeding, asserting claims against twenty individuals and entities, including Bancorp, the DD Care Defendants, and the Dime Bank Defendants.  *See generally* AP FAC.  The FAC asserts nineteen claims in total, including ten claims against the DD Care Defendants: (1) the first cause of action for fraud by misrepresentation of material fact; (2) the second cause of action for fraud by promise without intent to perform; (3) the third cause of action for conversion; (4) the fourth cause of action for aiding and abetting fraud and conversion; (5) the fifth cause of action for money had and received; (6) the sixth cause of action for unjust enrichment; (7) the ninth cause of action for violation of 18 U.S.C. § 1962(c) (the Racketeer Influenced and Corrupt Organizations Act, "RICO"); (8) the tenth cause of action for RICO conspiracy in violation of 18 U.S.C. § 1962(d); (9) the seventeenth cause of action for theft of money in violation of Cal. Penal Code § 496(a); and (10) the nineteenth cause of action for avoidance and recovery of constructive fraudulent transfers.  *Id.* ¶¶ 127–94, 226–79, 356–64, 378–84.  Cachet asserts three causes of action against the Dime Bank Defendants: (1) the seventh cause of action for aiding and abetting fraud and conversion; (2) the ninth cause of action for violation of 18 U.S.C. § 1962(c); and (3) the tenth cause of action for conspiracy to violate 18 U.S.C. § 1962(d).  *Id.* ¶¶ 195–213, 226–79.

The DD Care Defendants, joined by the Dime Bank Defendants, now move to withdraw the reference of the Adversary Proceeding from the Bankruptcy Court.

Mot.; Joinder.  Plaintiff opposes the Motion.  Opp'n.

## DISCUSSION

### I.  Legal Standard

Pursuant to 28 U.S.C. § 157(a) ("Section 157(a)"), district courts may refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 … to the bankruptcy judges for the district." "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under [28 U.S.C. § 157(a)], and may enter appropriate orders and judgments," subject to review by the district courts.  *Id.* § 157(b)(1).  "A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11."  *Id.* § 157(c)(1).  "In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."  *Id.*

"The district court may withdraw, in whole or in part, any case or proceeding referred under [Section 157], on its own motion or on timely motion of any party, for cause shown."  *Id.* § 157(d).  "The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  *Id.*  Section 157(d) "contains two distinct provisions: the first sentence allows permissive withdrawal, while the second sentence requires mandatory withdrawal in certain situations."  *One Longhorn Land I, L.P. v. Presley*, 529 B.R. 755, 759 (C.D. Cal. 2015) (quotation marks omitted).  "Under either provision, the 'burden of persuasion is on the party seeking withdrawal.'"  *Id.* (quotation marks omitted).

/ / /

## II. Analysis

The DD Care Defendants argue withdrawal is mandatory, or in the alternative, that there is good cause to support permissive withdrawal. *See generally* Mot. Br.

### A. Mandatory Withdrawal

"The Ninth Circuit has not squarely addressed mandatory withdrawal, but other circuits have held that 'mandatory withdrawal is required only when non-title 11 issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law.'" *In re Tamalpais Bancorp*, 451 B.R. 6, 8 (N.D. Cal. 2011) (brackets omitted) (quoting *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996)); *see Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 & n. 4 (9th Cir. 1997) ("Section 157 … *mandates* withdrawal in cases requiring material consideration of non-bankruptcy federal law." "By contrast, permissive withdrawal does not hinge on the presence of substantial and material questions of federal law.") (emphasis in original). Courts in this circuit have largely adopted this approach. *See, e.g.*, *In re Tamalpais Bancorp*, 451 B.R. at 8–9 (collecting cases); *In re Ruby's Diner, Inc.*, No. 8:21-cv-00845-SVW, 2021 WL 4572001, at *1 (C.D. Cal. June 2, 2021); *One Longhorn*, 529 B.R. at 760 (collecting cases); *In re Temecula Valley Bancorp, Inc.*, 523 B.R. 210, 214 (C.D. Cal. 2014). Courts have also recognized "[t]he mandatory withdrawal provision should be construed narrowly so as to avoid creating an 'escape hatch' by which bankruptcy matters could easily be removed to the district court.'" *In re Temecula Valley Bancorp, Inc.*, 523 B.R. at 214 (quotation marks omitted). "[T]he weight of authority places emphasis on what *issues* are to be addressed rather than what *statutes* are involved." *In re Tamalpais Bancorp*, 451 B.R. at 9 (emphasis in original).

The DD Care and Dime Bank Defendants argue withdrawal of the reference is mandatory because all but one of the claims asserted against the DD Care Defendants and all claims asserted against the Dime Bank Defendants are non-core proceedings,

6

which must ultimately be adjudicated by this court. Mot. Br. at 14–18; Joinder at 6–7. Defendants do not cite any legal authority to support their contention that a predominance of non-core issues *mandates* withdrawal. *See* Mot. Br. at 14–18; Joinder at 6–7. That Section 157(c)(1) establishes a process whereby a bankruptcy court may hear a non-core proceeding and submit proposed findings of fact and conclusions of law to a district court, demonstrates that such predominance does not. The court, therefore, finds mandatory withdrawal is not required here.

### B. Permissive Withdrawal

A district court "may" withdraw reference of the Adversary Proceeding "for cause shown." 28 U.S.C. § 157(d). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008. In making this determination, "a district court should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn.'" *One Longhorn*, 529 B.R. at 762 (quotation marks omitted). "The Ninth Circuit has suggested that permissive withdrawal is appropriate where 'non-core issues predominate.'" *Id.* at 763 (quoting *Sec. Farms*, 124 F.3d at 1008). However, "[t]he determination of whether claims are core or non-core is not dispositive of a motion to withdraw a reference." *Id*. (quotation marks omitted). Ultimately, "[i]t is within a district court's discretion to grant or deny a motion for permissive withdrawal of reference; that decision will not be disturbed unless the court abuses its discretion." *Id.* (quotation marks omitted).

"Core proceedings include, but are not limited to … "(H) proceedings to determine, avoid, or recover fraudulent conveyances[.]" 28 U.S.C. § 157(b)(2). "[D]etermining the nature and extent of property of the estate is also a fundamental function of a bankruptcy court … and fundamental to the administration of a bankruptcy case." *In re Kincaid*, 917 F.2d 1162, 1165 (9th Cir. 1990) (brackets

7

omitted). "Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" *Sec. Farms*, 124 F.3d at 1008. As stated, "the weight of authority places emphasis on what *issues* are to be addressed rather than what *statutes* are involved." *In re Tamalpais Bancorp*, 451 B.R. at 9 (emphasis in original).

Cachet's claims against the DD Care and Dime Bank Defendants concern: (1) DD Care's alleged conversion and theft of approximately $21.5 million from Cachet through fraud; (2) the alleged fraudulent conveyance of such funds between the DD Care Defendants; and (3) Dime Bank's alleged assistance in this conversion, theft, and fraud. *See, e.g.*, AP FAC ¶¶ 67–103, 196–211. Although these claims were framed and asserted as state law and RICO claims, they center on the *issues* of whether these funds were transferred and/or conveyed fraudulently and are recoverable by the bankruptcy estate—which are core issues that the Bankruptcy Court may decide. *See* 28 U.S.C. § 157(b)(1), (2)(H); *see also* Mot. Br. at 19 (recognizing "the single remaining core claim—relies on exactly the same facts as the Non-Core Claims"). Accordingly, the court finds non-core issues do not predominate over core issues in the Adversary Proceeding.

Next, the DD Care and Dime Bank Defendants argue judicial efficiency weighs in favor of immediate withdrawal because "[the] Adversary Proceeding is at its earliest stage and the Bankruptcy Court is no more familiar with the facts and legal issues than is the District Court." Mot. Br. at 18. These Defendants further note that the Bankruptcy Court cannot decide all of Plaintiff's claims and is authorized only to offer findings of fact and conclusions of law for this court to review *de novo*. *Id.* at 18–19. These Defendants additionally argue withdrawal is appropriate because they have demanded a jury trial which must proceed in this court absent the consent of the parties, which they refuse to provide. *Id.* at 20–21.

Cachet responds that judicial efficiency favors denying withdrawal, as the crux of the Adversary Proceeding involves a core issue which the Bankruptcy Court is

8

well-positioned to manage, given its familiarity with the bankruptcy and issues at hand. Opp'n at 13. According to Cachet, having this court hear pretrial matters would thwart judicial efficiency, given the Bankruptcy Court's familiarity and expertise in handling Cachet's bankruptcy, and may also disrupt the resolution of that bankruptcy. *Id.* Cachet further argues Defendants' request for a jury trial does not constitute good cause for permissive withdrawal of the reference, as "a bankruptcy court's pre-trial management, which includes discovery, motions, and pretrial conferences, does not in any way diminish a party's right to a jury trial." Opp'n at 14 (citing *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007)). Cachet also contends this court's heavy caseload, limited resources, and need to prioritize other matters further tips the efficiency balance against withdrawal. *Id.* The court agrees with Cachet.

"In this Circuit, bankruptcy courts are not divested of pre-trial jurisdiction over matters which they ultimately may be unable to decide," and are "permitted to retain jurisdiction over … action[s] for pre-trial matters." *In re Cedar Funding, Inc.*, 419 B.R. 807, 819 (B.A.P. 9th Cir. 2009) (citing *In re Healthcentral.com*, 504 F.3d at 787). As the Ninth Circuit noted, "requiring that an action be immediately transferred to district court simply because of a *jury trial right* would run counter to our bankruptcy system," as Congress has empowered the bankruptcy courts to hear title 11 actions and enter relevant orders. *In re Healthcentral.com*, 504 F.3d at 787 (citing 28 U.S.C. § 157(b)(1)) (emphasis in original).[3] "[T]his system promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of

---

[3] On reply, the DD Care Defendants cite *Salven v. Lyons*, No. 1:06-ap-01114-AWI, 2007 U.S. Dist. LEXIS 98938, at *6 (Bankr. E.D. Cal. Feb. 9, 2007), to argue courts have found they must withdraw a reference where parties have not waived their right to a jury trial, even if all other factors weigh in favor of leaving an action in bankruptcy court. Reply at 6. The proposition cited conflicts directly with the Ninth Circuit's subsequent decision in *In re Healthcentral.com*, 504 F.3d at 787, and no longer reflects valid law.

9

Title 11 and familiarity with the actions before them." *Id.* "Only by allowing the bankruptcy court to retain jurisdiction over the action until *trial is actually ready* do we ensure that our bankruptcy system is carried out." *Id.* at 788 (emphasis in original).

A review of the docket for the Adversary Proceeding demonstrates that multiple Defendants, including the DD Care and Dime Bank Defendants, have filed motions to dismiss Cachet's claims, which are pending before the Bankruptcy Court. AP Dkts. 45, 54, 63, 80–81, 108. Withdrawing reference to the Adversary Proceeding at this time would result in further costs and delay resolving pretrial motions which could narrow the issues at trial or "obviate the need for trial altogether." *See Hjelmeset v. Hung*, No. 5:17-cv-05697-BLF, 2018 WL 558917, at *5 (N.D. Cal. Jan. 25, 2018); *see also In re Solid Landings Behav. Health, Inc.*, No. 8:20-cv-01167-JGB, 2020 WL 5934304, at *3 (C.D. Cal. July 28, 2020) (noting bankruptcy court's rulings on pretrial matters "[were] likely to narrow the issues, draw attention to the most important areas of dispute, and provide the Court with valuable (but non-binding) guidance on issues the Bankruptcy Court [was] most familiar with," increasing the chances of resolving the matter efficiently).

In short, the Bankruptcy Court is in a better position to handle pretrial matters here because it has been presiding over Cachet's bankruptcy since January 2020, and the Adversary Proceeding since September 2021, and is more familiar with the facts and issues than this court. *See In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002) (finding district court's withdrawal of reference "was an inefficient allocation of judicial resources, especially because the bankruptcy court was more familiar with the facts and issues of the case…."). Similarly, the uniformity of bankruptcy administration favors denying withdrawal, as the Bankruptcy Action has not yet concluded and a potential recovery by Cachet and the resolution of its claims may have a significant impact on the administration of the bankruptcy. There are no concerns regarding forum shopping at issue here, and that factor is not relevant to the

court's analysis.

In sum, the court finds that non-core issues do not predominate over core issues in the Adversary Proceeding, and considerations of judicial efficiency, delay, costs to the parties, and the uniformity of bankruptcy administration weigh against withdrawal. The court, therefore, DENIES the DD Care and Dime Bank Defendants' request for permissive withdrawal.

## CONCLUSION

For the foregoing reasons, the court DENIES the Motion in its entirety.

IT IS SO ORDERED.

Dated: April 15, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge